UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-4204 |
| | ) | |
| SCHUYLER COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging Defendants Mayes, Wear, and Rose lured him to the Security Director's office under false pretenses for purposes of attacking the plaintiff, who was being investigated for a crime. While leaving the office, plaintiff alleges that Defendant Clayton kicked and then tripped him. The defendants who were present at the time did nothing to prevent this alleged attack.

Plaintiff alleges Defendant Clayton attacked him because plaintiff exercised his Fifth Amendment right to remain silent.  Plaintiff was later transported to the Schuyler County Jail wearing only a jumpsuit and shower shoes in temperatures plaintiff alleges were "bitterly cold," while Defendants Rose and Wear drove the transport van at "very slow speeds" and refused to turn on the heat inside the vehicle.  Plaintiff alleges these defendants laughed at his "severe discomfort."

Plaintiff alleges that he was initially housed in a holding cell at the Schuyler County Jail ("jail") for approximately eight (8) hours "for no apparent reason other than [plaintiff] being African American."  Plaintiff alleges Caucasian inmates were offered a medical examination, phone call, and showers while he was not as a result of his race.  Plaintiff alleges he was not present in person for his probable cause hearing (held approximately one day after his arrival at the jail) and that Defendant Clayton falsely represented to the judge that he (Clayton) was a deputy sheriff.  Plaintiff alleges that Defendant Clayton intentionally destroyed video evidence in his criminal case, and that the prosecuting attorney did not conduct a sufficient investigation into his case.  Plaintiff also alleges that Defendants Redshaw and Anna Marie Schieferdecker responded to his FOIA request.

Plaintiff states claims against two distinct sets of defendants.  First, plaintiff states a claim for excessive force and retaliation against Defendant Clayton, and a failure to intervene claim against Defendants Rose, Wear, Mayes and Winters.  Plaintiff also states a conditions-of-confinement claim against Defendants Wear and Rose for the alleged exposure to cold temperatures without adequate clothing.  Plaintiff does not allege that Defendants Scott, Kunkel, Clark, and Hernanez personally participated in these events, and, therefore, they will be dismissed.  *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("[L]iability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Next, plaintiff states an arguable equal protection claim for the alleged dissimilar treatment on the basis of his race against officials at the Schuyler County Jail.  This claim, however, is against non-TDF defendants and should be brought in a separate lawsuit.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . .").

As for plaintiff's claims that he was not provided with a probable cause hearing within 48 hours, he does not state a claim.  Plaintiff received a hearing within one day after being informed of the charges and transported to the jail.  Defendant Hooker, the judge, and Defendant Escapa, the State's Attorney, have absolute immunity from suit.  *See Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) ("Prosecutors are entitled to absolute

immunity when they are performing functions—such as determining whether charges should be brought and initiating a prosecution—'intimately associated with the judicial phase of the criminal process.'" (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions….").

Plaintiff is a civil detainee at Rushville and, therefore, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment. *See, e.g., Kingsley v. Hendrickson*, ----- U.S. -----, 135 S.Ct. 2466, 2475 (2015); *Budd v. Motley* 711 F.3d 840, 842 (7th Cir. 2013). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eight Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) *quoting Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999).

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states Fourteenth Amendment Due Process claims for (1) excessive force and retaliation against Defendant Clayton; (2) failure to intervene against Defendants Rose, Wear, Mayes and Winters; and (3) conditions of confinement against Defendants Wear and Rose. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service

through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      11.     The clerk is directed to terminate Schuyler County, Jerry J. Hooker, Ramon Escapa, Don W. Schieferdecker, Anna Marie Schieferdecker, Gregg Scott, Eric Kunkel, Amy Clark, Nicole Hernanez, and Bill Redshaw as defendants.

      12.     The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

      13.     Plaintiff's motion to proceed *in forma pauperis* (#4) is granted. Plaintiff's motion to waive initial filing fee (#6) is also granted.

      14.     Plaintiff's motion to request counsel (#7) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

      Entered this 20th day of January, 2017

      /s/ Harold A. Baker

      HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE